Lee A. Cirsch (SBN 227668)
Lee.Cirsch@capstonelawyers.com
Robert K. Friedl (SBN 134947)
Robert.Friedl@capstonelawyers.com
Trisha K. Monesi (SBN 303512)
Trisha.Monesi@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:  (310) 556-4811
Facsimile:  (310) 943-0396

Attorneys for Plaintiffs
Matthew and Deana Ridolfo

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW RIDOLFO and DEANA RIDOLFO, individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>YAHOO! INC., a Delaware corporation,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>(1) Negligence<br>(2) Breach of Express and Implied Contract<br>(3) Violation of Unfair Competition Law, California Business & Professions Code § 17200 *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Plaintiffs Matthew and Deana Ridolfo ("Plaintiffs") bring this action for themselves and on behalf of all persons in the United States who maintained an account with Yahoo! Inc. ("Defendant" or "Yahoo") that was vulnerable or potentially vulnerable to cybersecurity breaches ("Yahoo Users").

2. Since 1995, Yahoo has been one of the world's leading technology companies, providing numerous internet-based services and products to consumers and businesses. Throughout the course of its business, Yahoo has collected and maintained an extensive amount of its users' personal information including, without limitation, the users' names, email addresses, telephone numbers, birth dates, passwords, security questions, and security answers required to create a Yahoo account. However, Yahoo failed, and continues to fail, to provide adequate protection of its users' personal and confidential information and has failed to provide sufficient and timely notice or warning of potential and actual cybersecurity breaches to its users.

3. In an ongoing investigation, Yahoo has recently revealed that its users' personal information has been subject to two of the largest data security breaches ever disclosed, **affecting over one billion Yahoo user accounts**. According to Yahoo, in July 2016, a state-sponsored actor "claimed to have obtained certain Yahoo user data" but Yahoo was unable to substantiate the hacker's claims and took no further action including either enhancing its security measures or notifying its users of the potential data breach. Yahoo knew about and continued to conceal the security breach from its users until approximately 3 months later. Specifically, on September 22, 2016, Yahoo issued the following statement:

> A recent investigation by Yahoo has confirmed that a copy of certain user account information was stolen from the company's network in late 2014 by what it believes is a state-sponsored actor. The account information may have included names, email addresses, telephone numbers, dates of birth, hashed passwords (the vast majority with bcrypt) and, in some cases, encrypted or unencrypted security questions and answers…Based on the ongoing investigation, Yahoo believes that information associated with at least 500 million user account was stolen […][1] ("Security Incident I").

---

[1] Bob Lord, CISO, *An Important Message About Yahoo User Security,* Yahoo Tumblr

4. Then, on or around October 28, 2016, Yahoo stated in its Form 10-Q filing with the SEC that it had identified the "state-sponsored actor" in late 2014. However, on information and belief, Yahoo took no actions at that time to enhance its security measures or notify its users of a potential cybersecurity breach or vulnerability.

5. Further, on December 14, 2016, Yahoo announced that, in August 2013, an "unauthorized third party" stole personal data associated with **over one billion user accounts** by utilizing Yahoo's proprietary code in order to forge cookies ("Security Incident II").[2] Yahoo stated that Security Incident II was "likely distinct" from Security Incident I but that they "have connected some of this activity to the same state-sponsored actor believed to be responsible" for Security Incident I.

6. As a result of Defendant's failure to maintain adequate security measures and timely security breach notifications, Yahoo Users' personal and private information has been repeatedly compromised and remains vulnerable. Further, Yahoo Users have suffered an ascertainable loss in that they have had to undertake additional security measures, at their own expense, to minimize the risk of future data breaches including, without limitation, changing passwords, security questions and security answers, and purchasing a security freeze on their credit files. However, due to Yahoo's ongoing and incomplete investigation, Yahoo Users have no guarantee that the above security measures will in fact adequately protect their personal information. As such, Plaintiffs and other Class Members have an ongoing interest in ensuring that their personal information is protected from past and future cybersecurity threats.

**THE PARTIES**

7. Plaintiffs Matthew and Deana Ridolfo ("Plaintiffs") are citizens of the state of New Jersey, residing in Vineland, New Jersey.

---

(Sept. 22, 2016), https://yahoo.tumblr.com/post/150781911849/ an-important-message-about-yahoo-user-security (last visited Dec. 14, 2016).
[2] *Yahoo Security Notice December 14, 2016*, Yahoo! Help, https://help.yahoo.com/kb/account/SLN27925.html?impressions=true (last visited Dec. 14, 2016).

8. Defendant Yahoo! Inc. is a corporation organized and in existence under the laws of the State of Delaware and registered to do business in the State of California. Yahoo! Inc.'s Corporate Headquarters are located at 701 First Avenue, Sunnyvale, California, 94089.

9. At all relevant times, Defendant was and is engaged in the business of providing internet-based services and products in Santa Clara County and throughout the United States of America.

## JURISDICTION

10. This is a class action.

11. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution or laws of the United States and the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) and (6), in that, as to each Class defined herein:

    (a) the matter in controversy exceeds $5,000,000.00, exclusive of interest and costs;

    (b) this is a class action involving 100 or more class members; and

    (c) this is a class action in which at least one member of the Plaintiffs class is a citizen of a State different from at least one Defendant.

12. The Court has personal jurisdiction over Defendant, which have at least minimum contacts with the State of California because their headquarters are located there and they have conducted business there and have availed themselves of California's markets through their internet-based services.

## VENUE

13. Yahoo, through its business of providing internet-based services and products to Yahoo Users, has established sufficient contacts in this district such that personal jurisdiction is appropriate. Defendant is deemed to reside in this district pursuant to 28 U.S.C. § 1391(a).

14. In addition, Defendant is headquartered here and has conducted business here

and availed itself of California's markets through its marketing, sale, and administration of internet-based services.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

## FACTUAL ALLEGATIONS

15.     In order to utilize Yahoo's services and products, consumers, including Plaintiffs and other Class Members, must create an online account through Yahoo.  As such, Yahoo has collected and maintained an extensive amount of its users' personal account information including, without limitation, the users' names, email addresses, telephone numbers, birth dates, passwords, security questions, and security answers required to create a Yahoo account.  Consumers provide this personal information to Yahoo in reliance on Yahoo's assurances that it "takes your privacy seriously" and "[p]rotecting our systems and our users' information is paramount to ensuring Yahoo users enjoy a secure user experience and maintaining our users' trust.[3]  Yahoo further maintains a privacy policy that provides, in part, that:

> **Information Sharing & Disclosure**
>
> Yahoo does not rent, sell, or share personal information about you with other people or non-affiliated companies except to provide products or services you've requested, when we have your permission, or under the following circumstances:
> - We provide the information to trusted partners who work on behalf of or with Yahoo under confidentiality agreements. These companies may use your personal information to help Yahoo communicate with you about offers from Yahoo and our marketing partners. However, these companies do not have any independent right to share this information.
> - We have a parent's permission to share the information if the user is a child under age 13. See Children's Privacy & Family Accounts for more information about our privacy practices for children under 13 .
> - We respond to subpoenas, court orders, or legal process (such as law enforcement requests), or to establish or exercise our legal rights or defend against legal claims.
> - We believe it is necessary to share information in order to investigate, prevent, or take action regarding illegal activities, suspected fraud, situations involving potential threats to the physical safety of any person, violations of Yahoo's terms of use, or as otherwise required by law.
> - We transfer information about you if Yahoo is acquired by or merged with another company. In this event, Yahoo will notify you before information about

---

[3] *Security at Yahoo*, Yahoo! Privacy Center, https://policies.yahoo.com/us/en/yahoo/privacy/topics/security/index.htm (last visited Dec. 14, 2016).

you is transferred and becomes subject to a different privacy policy.

**Confidentiality & Security**

We limit access to personal information about you to employees who we believe reasonably need to come into contact with that information to provide products or services to you or in order to do their jobs.

We have physical, electronic, and procedural safeguards that comply with federal regulations to protect personal information about you.

To learn more about security, including the security steps we have taken and security steps you can take, please read Security at Yahoo.[4]

16.     However, despite Yahoo's assurances, Yahoo has failed, and continues to fail, to provide adequate protection of its users' personal and confidential information, as evidenced by Yahoo's announcements regarding egregious user data breaches affecting over one billion Yahoo User accounts since 2013.  Further, Yahoo failed to provide sufficient and timely notice or warning of potential and actual cybersecurity breaches to its users so as to mitigate the users' risks.

17.     According to Yahoo, in July 2016, a state-sponsored actor "claimed to have obtained certain Yahoo user data" but Yahoo was unable to substantiate the hacker's claims and took no further action including enhancing its security measures or notifying its users of the potential data breach.  Yahoo knew about and continued to conceal the security breach from its users until approximately 3 months later.  Specifically, on September 22, 2016, Yahoo issued the following statement:

A recent investigation by Yahoo has confirmed that a copy of certain user account information was stolen from the company's network in late 2014 by what it believes is a state-sponsored actor.  The account information may have included names, email addresses, telephone numbers, dates of birth, hashed passwords (the vast majority with bcrypt) and, in some cases, encrypted or unencrypted security questions and answers…Based on the ongoing investigation, Yahoo believes that information associated with at least 500 million user account was stolen […][5] ("Security Incident I").

---

[4] *Yahoo Privacy Center*, Yahoo.com, https://policies.yahoo.com/us/en/yahoo/privacy/index.htm (last visited Dec. 14, 2016).

[5] Bob Lord, CISO, *An Important Message About Yahoo User Security,* Yahoo Tumblr (Sept. 22, 2016), https://yahoo.tumblr.com/post/150781911849/ an-important-message-about-

18. Then, on or around October 28, 2016, Yahoo stated in its Form 10-Q filing with the SEC that it had identified the "state-sponsored actor" in late 2014. However, on information and belief, Yahoo took no actions at that time to enhance its security measures at or notify its users of a potential cybersecurity breach or vulnerability.

19. Further, on December 14, 2016, Yahoo announced that, in August 2013, an "unauthorized third party" stole personal data associated with over one billion user accounts by utilizing Yahoo's proprietary code in order to forge cookies ("Security Incident II"). Yahoo issued the following statement, in part, regarding Security Incident II:

> Law enforcement provided Yahoo in November 2016 with data files that a third party claimed was Yahoo user data. We analyzed this data with the assistance of outside forensic experts and found that it appears to be Yahoo user data. Based on further analysis of this data by the forensic experts, we believe an unauthorized third party, in August 2013, stole data associated with more than one billion user accounts. Yahoo has not been able to identify the intrusion associated with this theft. We believe this incident is likely distinct from the incident we disclosed on September 22, 2016. We are notifying potentially affected users and have taken steps to secure their accounts, including requiring users to change their passwords. Yahoo has also invalidated unencrypted security questions and answers so that they cannot be used to access an account.
>
> Separately, our outside forensic experts have been investigating the creation of forged cookies that could allow an intruder to access users' accounts without a password. Based on the ongoing investigation, the outside forensic experts have identified user accounts for which they believe forged cookies were taken or used in 2015 or 2016. The company is notifying the affected account holders, and has invalidated the forged cookies. We have connected some of this activity to the same state-sponsored actor believed to be responsible for the data theft we disclosed on September 22, 2016.[6]

20. The insufficient security policies and procedures implemented by Yahoo is a material fact that a reasonable consumer would consider when deciding whether to create an online account and provide personal information. Had Plaintiffs and other Class Members known that Yahoo failed to employ necessary and adequate protection of their personal information, they would not have created a Yahoo account. In fact, Plaintiffs and other Class

---

yahoo-user-security (last visited Dec. 14, 2016).
[6] *Yahoo Security Notice December 14, 2016*, Yahoo! Help, https://help.yahoo.com/kb/account/SLN27925.html?impressions=true (last visited Dec. 14, 2016).

Members relied on Yahoo's Security and Privacy policies ensuring implementation of "physical, electronic, and procedural safeguards" to protect their personal information.

### B. Plaintiffs Matthew and Deana Ridolfo

21. Plaintiffs have been Yahoo users continuously since approximately 2000 and have been damaged as a result of Security Incidents I and II. They remain concerned about the ongoing misuse of their personal information and the continued vulnerability of their Yahoo account and other personal information.

22. Specifically, in January 2017, Plaintiffs learned that their personal information was fraudulently accessed and improperly used to open several credit cards and alter the information for various accounts, including modifying Plaintiffs' passwords in order to reroute phone calls placed to Plaintiffs' landline. On information and belief, Plaintiffs believe the stolen personal information was obtained through their Yahoo accounts, respectively, as they each used their Yahoo accounts in connection with financial and other confidential correspondences. For example, throughout 2016, Plaintiffs sent and received confidential documents via their Yahoo accounts including, without limitation, social security numbers, W-2 forms, tax returns, DMV records, and several financial statements and account information relating to Plaintiffs' mortgage accounts, checking accounts, savings accounts, and credit card accounts.

23. Further, Plaintiff Deana Ridolfo believes that her Yahoo account was improperly hacked and used to modify her Comcast account information including changing her Comcast account password in order to forward phone calls placed to Plaintiff's home phone number to an unknown location. On information and belief, the calls were being intercepted in connection with over 20 fraudulent credit applications.

24. At no point prior to Yahoo's announcement on September 22, 2016, were Plaintiffs informed by Yahoo of a potential security breach exposing their personal data or provided any instructions regarding additional security measures to minimize their risk of identity theft.

25. Following Yahoo's public announcement regarding Security Incident I, Plaintiffs enrolled in Life Lock, for approximately $30 per month, in order to monitor and freeze their credit. Plaintiffs also changed their passwords and security questions for their Yahoo accounts and other accounts potentially compromised from the Security Incidents.

## CLASS ACTION ALLEGATIONS

26. Plaintiffs bring this lawsuit as a class action on behalf of themselves and all others similarly situated as members of the proposed Class pursuant to pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), 23(b)(3), and 23(c)(4). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

27. The Class is defined as:

> **Nationwide Class**: All individuals in the United States who maintained an account, at any time, from four years prior to the filing of this complaint to the time of class certification, with Yahoo! Inc. that was vulnerable or potentially vulnerable to cybersecurity breaches (the "Nationwide Class" or "Class").

28. Excluded from the Class are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and their legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; (3) any Judge sitting in the presiding state and/or federal court system who may hear an appeal of any judgment entered; and (4) those persons who have suffered personal injuries as a result of the facts alleged herein. Plaintiffs reserve the right to amend the Class definition if discovery and further investigation reveal that the Class and Sub-Class should be expanded or otherwise modified.

29. <u>Numerosity</u>: Although the exact number of Class Members is uncertain and can only be ascertained through appropriate discovery, the number is great enough such that joinder is impracticable. The disposition of the claims of these Class Members in a single action will provide substantial benefits to all parties and to the Court. The Class Members are readily identifiable from information and records in Defendant's possession, custody, or

1 control.

2     30.    <u>Typicality</u>:  Plaintiffs' claims are typical of the claims of the Class in that Plaintiffs, like all Class Members, has maintained a Yahoo account throughout the duration of the class period.  The representative Plaintiffs, like all Class Members, have been damaged by Defendant's misconduct in that they have had to undertake additional security measures, at their own expense, to minimize the risk of future data breaches.  Furthermore, the factual bases of Yahoo's misconduct are common to all Class Members and represent a common thread resulting in injury to all Class Members.

    31.    <u>Commonality</u>:  There are numerous questions of law and fact common to Plaintiffs and the Class that predominate over any question affecting only individual Class Members.  These common legal and factual issues include the following:

    (a)    Whether Yahoo owed a duty of care to Plaintiffs and Class Members with respect to the security of their personal information;

    (b)    Whether Yahoo had a legal and/or contractual duty to use reasonable security measures to protect Plaintiffs' and Class Members' personal information;

    (c)    Whether Yahoo took reasonable steps and measures to safeguard Plaintiffs' and Class Members' personal information;

    (d)    Whether Yahoo breached its duty to exercise reasonable care in handling Plaintiffs' and Class Members' personal information;

    (e)    Whether an implied contract existed between Yahoo and Class Members;

    (f)    Whether Defendant's acts and omissions described herein give rise to a claim of negligence;

    (g)    Whether Yahoo's security procedures and practices violated *California Business & Professions Code* §§ 17200 et seq.;

    (h)    Whether Yahoo knew or should have known of Security Incident I and

Security Incident II prior to its late 2016 announcements;

(i) Whether Yahoo had a duty to promptly notify Class Members that their personal information was, or potentially could be, compromised;

(j) Whether Plaintiffs and other Class Members are entitled to damages or equitable relief, including but not limited to a preliminary and/or permanent injunction; and

(k) Whether Defendant is obligated to inform Class Members of their right to seek reimbursement for having paid for a security freeze on their credit files.

32. <u>Adequate Representation</u>: Plaintiffs will fairly and adequately protect the interests of the Class Members. Plaintiffs has retained attorneys experienced in the prosecution of class actions, including consumer and product defect class actions, and Plaintiffs intends to prosecute this action vigorously.

33. <u>Predominance and Superiority</u>: Plaintiffs and Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law. Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendant's misconduct. Absent a class action, Class Members will continue to incur damages, and Defendant's misconduct will continue without remedy. Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants, and will promote consistency and efficiency of adjudication.

## FIRST CAUSE OF ACTION

### (Negligence)

34. Plaintiffs incorporate by reference the allegations contained in each and every paragraph of this Complaint.

35. Plaintiffs bring this cause of action on behalf of themselves and on behalf of the Nationwide Class.

36. Yahoo owed a duty to Plaintiffs and Class Member to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting and protecting their personal information in its possession from being compromised, lost, stolen, accessed and misused by unauthorized persons. This duty included, among other things, designing, implementing, maintaining and testing Defendant's security systems and protocols, consistent with industry standards and requirements, to ensure that Plaintiffs' and Class members' personal information in Yahoo's possession was adequately secured and protected. Yahoo further owed a duty to Plaintiffs and Class Members to implement processes that would detect a breach of its security system in a timely manner and to timely act upon warnings and alerts, including those generated by its own security systems.

37. Yahoo owed a duty of care to Plaintiffs and Class Members because they were foreseeable and probable victims of any inadequate security practices. Yahoo solicited, gathered, and stored the personal data provided by Plaintiffs and Class Members in the regular course of its business. Yahoo knew that a breach of its systems would cause damages to Plaintiffs and Class Members, and Yahoo had a duty to adequately protect such sensitive personal information.

38. Similarly, Yahoo owed a duty to Plaintiffs and Class Members to timely disclose any incidents of data breaches, where such breaches compromised the personal information of Plaintiffs and Class Members. Plaintiffs and Class Members were foreseeable and probable victims of any inadequate notice practices. Yahoo knew that, through its actions and omissions, it had caused the sensitive personal information of Plaintiffs and Class

1 Members to be compromised and accessed by unauthorized third parties yet failed to mitigate
2 potential harm to its users by providing timely notice of the security breach.

3       39. Yahoo breached its duties owed to Plaintiffs and Class Members by failing to
4 exercise reasonable care in the adoption, implementation, and maintenance of adequate
5 security procedures and protocols and by failing to timely notify Plaintiffs and Class Members
6 of potential and actual security breaches.  Yahoo's breach of its duties owed to Plaintiffs and
7 members of the Class caused injuries to Plaintiffs and members of the Class, including but not
8 limited to a) theft of their personal information; b) costs associated with the detection and
9 prevention of identity theft; c) costs associated with time spent and the loss of productivity
10 from taking time to address and attempt to ameliorate and mitigate the actual and future
11 consequences of the aforementioned data breaches, including without limitation finding
12 fraudulent charges, cancelling and reissuing credit cards and bank accounts, purchasing credit
13 monitoring and identity theft protection, and the stress, nuisance and annoyance of dealing
14 with all issues resulting from the data breaches; d) the imminent and impending injury flowing
15 from potential fraud and identity theft posed by the unauthorized control and use of their
16 personal information by third parties; e) damages to and diminution in value of their personal
17 information entrusted to Yahoo with the understanding that Yahoo would safeguard their data
18 against theft and not allow access and misuse of their data by others; and f) the continued risk
19 to their personal information, which remains in the possession of Yahoo and which is subject
20 to further breaches so long as Yahoo fails to undertake appropriate and adequate measures to
21 protect data in its possession.

22       40. But for Yahoo's negligent and wrongful breach of its duties owed to Plaintiffs
23 and Class Members, Plaintiffs and Class Members would not have been harmed and could
24 have taken remedial measures to protect their personal information.

25       41. Plaintiffs and Class Members seek an aware of actual damages.

## SECOND CAUSE OF ACTION

**(Breach of Express and Implied Contract)**

42. Plaintiffs incorporate by reference the allegations contained in each and every paragraph of this Complaint.

43. Plaintiffs bring this cause of action on behalf of themselves and on behalf of the Nationwide Class.

44. Yahoo's Terms of Service, which incorporates by reference Yahoo's Privacy Policy discussed above, forms the contract between Yahoo and its users.

45. Additionally, when Plaintiffs and Class Members created a Yahoo account, they entered into an implied contract with Yahoo under which Yahoo requested personal information for the purpose of increasing its revenues. Plaintiffs and Class Members provided the requested personal information in order to obtain Yahoo's services, for which Yahoo agreed to protect all personal information provided. Plaintiffs and Class Members are reasonable consumers who would not have provided Yahoo with their personal information in the absence of an implied contract.

46. Yahoo failed to adequately safeguard and protect the personal information of Plaintiffs and Class Members, so that one or more unauthorized third parties were able to obtain access to such personal information within Yahoo's network since at least August 2013.

47. In allowing security breaches that compromised the personal information of over 1 billion Yahoo users, Yahoo breached the express terms of its Terms of Service and Privacy Policy that provided it would "not rent, sell, or share personal information about you with other people or non-affiliated companies" and the terms of its implied contract to protect its users' personal information.

48. As a result of Yahoo's breach of the express and implied contracts, Plaintiffs and Class Members suffered and will continue to suffer damages including, but not limited to, loss of their personal information, loss of money, the objectively reasonable likelihood of identity theft and/or fraudulent purchases, and loss of money and costs incurred as a result of

increased risk of identity theft and fraudulent purchases, all of which have ascertainable value to be proven at trial.

## THIRD CAUSE OF ACTION

**(Violation of California Business & Professions Code § 17200, *et seq*.)**

49. Plaintiffs incorporate by reference the allegations contained in each and every paragraph of this Complaint.

50. Plaintiffs bring this cause of action on behalf of themselves and on behalf of the Nationwide Class.

51. As a result of their reliance on Defendant's omissions, Yahoo Users utilizing Defendant's internet-based services suffered an ascertainable loss due to Defendant's failure to provide adequate protection of its users' personal and confidential information and failure to provide sufficient and timely notice or warning of potential and actual cybersecurity breaches.

52. California Business & Professions Code § 17200 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising."

53. Plaintiffs and Class Members are reasonable consumers who expected Yahoo to vehemently protect the personal information entrusted to them and to be informed by Yahoo of potential and actual cybersecurity vulnerabilities as soon as Yahoo became aware of such threat.

54. Yahoo's acts and omissions were intended to induce Plaintiffs and Class Members' reliance on Yahoo's guarantee that their personal information was secure and protected, to increase the number of Yahoo subscribers, and, ultimately, to increase Yahoo's revenues. Plaintiffs and the Class members were deceived by Yahoo's failure to properly implement adequate, commercially reasonable security measures to protect their personal information, and Yahoo's failure to promptly notify them of the security breach. As a result, Yahoo's conduct constitutes "fraudulent" business acts or practices.

55. Defendant's conduct was and is likely to deceive consumers.

56. In failing to implement adequate security procedures and protocols to protect Plaintiffs and Class Members' personal information and promptly notify Plaintiffs and Class Members of potential and actual security threats, Defendant has knowingly and intentionally concealed material facts and breached its duty not to do so.

57. Defendant was under a duty to Plaintiffs and Class Members to protect its users' personal information and promptly notify users of potential and actual security threats, and other omitted facts alleged herein, because:

    (a) Defendant was in a superior position to know the specifics of a potential or actual security breach; and

    (b) Defendant actively concealed information known to Defendant regarding potential and actual security breaches affecting user account information.

58. The facts Defendant concealed from or did not disclose to Plaintiffss and Class Members are material in that a reasonable person would have considered them to be important in deciding whether to utilize Yahoo's services or cancel, change or otherwise modify their account information. Had Plaintiffs and other Class Members known that Yahoo failed to employ necessary and adequate protection of their personal information and would fail to timely notify them of potential security breaches, they would not have created a Yahoo account.

59. By its conduct, Defendant has engaged in unfair competition and unfair and fraudulent business practices. Defendant's unfair or deceptive acts or practices occurred repeatedly in Defendant's trade or business, and were capable of deceiving a substantial portion of the purchasing public.

60. As a direct and proximate result of Defendant's unfair and deceptive practices, Plaintiffs and Class Members will continue to suffer actual damages.

61. Defendant has been unjustly enriched and should be required to make

restitution to Plaintiffs and Class Members pursuant to §§ 17203 and 17204 of the California Business & Professions Code.

## RELIEF REQUESTED

62. Plaintiffs, on behalf of themselves, and all others similarly situated, requests the Court to enter judgment against Defendant, as follows:

(a) An order certifying the proposed Class, designating Plaintiffs as named representative of the Class, and designating the undersigned as Class Counsel;

(a) An order enjoining Defendant from further unfair and deceptive business practices regarding the maintenance and protection of its users' personal information;

(b) An award to Plaintiffs and the Class for compensatory, exemplary, and statutory damages, including interest, in an amount to be proven at trial;

(c) A declaration that Defendant must disgorge, for the benefit of the Class, all or part of the ill-gotten revenues it collected from its conduct alleged herein, or make full restitution to Plaintiffs and Class Members;

(d) An award of attorneys' fees and costs, as allowed by law;

(e) An award of attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5;

(f) An award of pre-judgment and post-judgment interest, as provided by law; and

(g) Such other relief as may be appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

63. Pursuant to Federal Rule of Civil Procedure 38(b) and Northern District of California Local Rule 3-6, Plaintiffs demands a trial by jury of any and all issues in this action so triable.

| | |
|---|---|
| Dated: February 7, 2017 | Respectfully submitted, |
| | Capstone Law APC |

By: /s/ Lee A. Cirsch
Lee A. Cirsch
Robert K. Friedl
Trisha K. Monesi

Attorneys for Plaintiffs Matthew and Deana Ridolfo

CLASS ACTION COMPLAINT